UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIO JOLON-PUAC,

Plaintiff,

v.

WASHINGTON STATE, *et al.*,

Defendants.

Case No. C23-5914-TL-SKV

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted under § 1983.

## II. DISCUSSION

Plaintiff Julio Jolon-Puac is a state prisoner who is currently confined at the Monroe Correctional Complex – Twin Rivers Unit ("MCC-TRU"). Plaintiff submitted his civil rights complaint to the Court for filing on October 10, 2023. Dkt. 1-1. Plaintiff alleged therein that

Defendants acted with deliberate indifference to his safety when they failed to protect him from harm at the hands of other inmates, and that Defendants' actions and/or inaction violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection. Plaintiff identified as Defendants in his complaint the State of Washington, the Washington Department of Corrections ("DOC"), Coyote Ridge Corrections Center ("CRCC") Sergeant Ortiz, and John Does 1 and 2, two members of the corrections staff at CRCC. *See* Dkt. 5 at 2-4.

Plaintiff asserted in support of his claims that after he was transferred from a county jail to the Washington Corrections Center ("WCC") in October 2022, he was approached by active gang members who threatened him and advised him that he should request to be housed in a "gang drop-out unit" or he would be assaulted. Dkt. 5 at 5. When Plaintiff was classified by a prison counselor approximately thirty days later, he explained that his safety was being threatened and he requested that he be housed in a gang drop-out unit, a unit used by the Washington DOC to provide safe housing for incarcerated individuals who are no longer active gang members. *Id*. at 6. According to Plaintiff, he was assured by the counselor that he would be housed in a drop-out unit or facility. *Id*.

Plaintiff was subsequently transferred to CRCC which is not a drop-out facility and houses active gang members. Dkt. 5 at 6. After arriving at CRCC, Plaintiff explained to corrections staff that he had been previously threatened by active gang members and had been assured he would be housed in a drop-out facility. *Id*. Plaintiff was thereafter housed in an active gang unit. *Id*. While at CRCC, Plaintiff was threated on at least two occasions by gang members and on both occasions he requested that he be placed in protective custody. *Id*. at 7-8.

During Plaintiff's first placement in protective custody, CRCC Sergeant Ortiz came to his cell and Plaintiff explained that he was being threatened, that he had been asking for help from DOC staff for several months without any resolution, and that he feared for his life. *Id*. According to Plaintiff, Sergeant Ortiz told him he "was lying to manipulate the system for job choice at other facilities," and he was thereafter placed back in the same active gang unit. *Id*. at 7-8. During Plaintiff's second placement in protective custody, Sergeant Ortiz came to speak with him again and Plaintiff again explained the threats he had been receiving. *Id*. at 8. Sergeant Ortiz advised Plaintiff he was going to be transferred to the Stafford Creek Corrections Center ("SCCC"), and Plaintiff asked that he not be sent there because SCCC is an active gang facility. *Id*.

Approximately sixty days after Plaintiff was advised of his impending transfer, he was transferred to SCCC. *Id*. at 9. Two days after arriving at SCCC, he was assaulted by several active gang members resulting in serious injury. *Id*. During a subsequent investigation by internal investigation officers at SCCC, Plaintiff explained the previous threats and requests for assistance, and claimed he had "begged" Sergeant Ortiz not to place him in an active gang facility several times. *Id*. Plaintiff was thereafter transferred to MCC-TRU, which is a drop-out facility for non-active gang members. *Id.*

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not adequately stated any claim for relief in his pleading. Thus, on November 21, 2023, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint. Dkt. 6. The Court set forth in its Order the pleading standards applicable to Plaintiff's civil rights complaint and then went on to explain that Plaintiff's claims against the State of Washington and the Washington DOC were barred under the Eleventh Amendment. *See*

*id*. at 5-6. The Court further explained that Plaintiff had not set forth facts demonstrating that the individual Defendants named in his complaint had personally participated in causing the constitutional harm he alleged he had suffered. *Id*. at 6. The Court noted, in particular, that the individual Defendants identified in the complaint were employees of CRCC, but the facts alleged by Plaintiff made clear he was assaulted at SCCC and not at CRCC. *Id*. The Court explained that Plaintiff had not alleged facts connecting the CRCC employees to the assault. *See id*.

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). Dkt. 6 at 8. To date, Plaintiff has filed no amended pleading. Because Plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court despite being provided ample opportunity to do so, this action must be dismissed.

## III. CONCLUSION

Based on the foregoing, this Court recommends that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within ***twenty-one (21) days*** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within ***fourteen (14) days*** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on ***January 26, 2024***.

DATED this 4th day of January, 2024.

S. KATE VAUGHAN
United States Magistrate Judge